IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00468-MSK-MEH

ECHOSTAR SATELLITE L.L.C.,
ECHOSTAR TECHNOLOGIES CORPORATION, and
NAGRASTAR L.L.C.,

      Plaintiffs,

v.

WILLIAM MOSLEY,

      Defendant.

## RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiffs' Motion for Default Judgment [Docket #7] and a proposed order on entry of default and default judgment. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, these matters have been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that Plaintiffs' Motion for Default Judgment be **granted** and that the District Judge enter the attached Order of Default Judgment.

**I.  Background**

    **A.  Factual**

Plaintiffs provide video and audio programming to their customers throughout the United States via satellite. Plaintiffs' signals are scrambled and can only be decoded by an authorized receiver. An authorized receiver includes a microprocessor, or access card, that not only decodes the signal but also transmits the use of these fee-based services to Plaintiffs for billing purposes.

Plaintiffs also protect their signal by using a unique secret number sequence by which the receiver and the access card communicate.  This number, known as the receiver's "box keys," is contained only in proprietary software within an authorized receiver and access card.

Plaintiffs allege that Defendant provided altered receivers and unauthorized access cards to the public for the purpose of receiving Plaintiffs' satellite signal without paying for the services received.  Plaintiffs allege that Defendant's actions violate various provisions of The Digital Millennium Copyright Act, 17 U.S.C. § 1201, The Communications Act of 1934, 47 U.S.C. § 605, and The Electronic Communications Privacy Act, 18 U.S.C. § 2511.

Plaintiffs learned of Defendant's allegedly illegal conduct through their investigation of auctions on eBay.  Defendant listed thirteen modified receivers on eBay under the username "wmos13."  The descriptions of these items included keywords and phrases that are often used to describe these illegally-modified receivers.  A Colorado investigator for Plaintiffs successfully bid on one of the altered receivers and received an email from Defendant directing him to send a money order to Defendant's address.  The investigator responded by sending the money order drawn from a Colorado bank from an address in Colorado.  Defendant subsequently shipped the altered receiver to the Colorado address.  Upon examination of the receiver, Plaintiffs allege that this receiver was illegally modified to decode Plaintiffs' signal.

### B. Procedural

Plaintiffs filed their Complaint on March 14, 2005 [Docket #1].  Defendant[1] was served with the Complaint on June 5, 2005 [Docket #6].  Defendant has filed no responsive pleading nor any document whatsoever with the Court, nor has he made an appearance of any kind.  Plaintiffs filed a

---

[1] Other defendants were dismissed from this case on September 12, 2005 [Docket #12].

Motion for Default Judgment as to Defendant William Mosley on September 8, 2005. [Docket #7]. On September 13, 2005, the Clerk of the Court entered a default as to Defendant William Mosley [Docket #13]. On November 14, 2005, this Court directed Plaintiffs to submit a proposed order concerning their Motion for Default Judgment [Docket #15], with which Plaintiffs have complied. After further review of the Complaint, the Court requested that the parties submit supplemental briefing on the issue of personal jurisdiction over Defendant, and Plaintiffs likewise responded.

**II.    Discussion**

If a party fails to answer or otherwise defend, a default may be entered against the party. Fed. R. Civ. P. 55(a). The Court must consider personal and subject matter jurisdiction in determining whether entry of default judgment is warranted. *E.g.*, *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986) (lack of subject matter jurisdiction constitutes good cause to set aside a default judgment); *Dennis Garberg & Assoc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (district court erred in failing to determine personal jurisdiction issue before considering entry of default judgment).

In this case, Defendant William Mosley was served in Florida [Docket #6]. Plaintiffs have alleged in their Complaint [Docket #1] that Mosley sold and distributed EchoStar "signal theft devices" to residents of the State of Colorado [*id.* at ¶18]. Plaintiffs further allege that this activity violated numerous federal statutes [*id.* at ¶16]. These allegations, as enumerated in the Complaint, are sufficient to invoke the subject matter jurisdiction of this Court. *E.g.*, *EchoStar Satellite, L.L.C., et al. v. Torok*, No. 05-cv-00470-EWN-CBS (D. Colo. Aug. 22, 2005).

Regarding personal jurisdiction, this Court is not convinced that one sale over eBay to a buyer in the forum state can satisfy even a *prima facie* showing of minimum contacts under a due process

analysis. *Action Tapes, Inc. v. Ebert*, No. 05-1239, 2006 U.S. Dist. LEXIS 4958 (N.D. Tex. Feb. 9, 2006) (citing cases holding that "the typical online auction process is insufficient to confer specific jurisdiction over the defendant . . . absent other factors."). However, Plaintiffs do allege other factors, including that Defendant has "purposefully directed [his] activities toward the State of Colorado by manufacturing, designing, advertising, selling, distributing, shipping, and/or otherwise trafficking in Signal Theft Devices to residents of the State of Colorado." [Docket #1, at ¶18]; *see also Rocky Mountain Motor Tarrif Bureau v. G.R. Leonard & Co.*, 652 F. Supp. 1473, 1473-74 (D. Colo. 1987). Plaintiffs further allege that each sale by Defendant of these illegal devices knowingly and directly harms Plaintiffs, corporations whose principal place of business is Englewood, Colorado. As such, the intentional torts of Defendant primarily effect a party in the forum state. *Calder v. Jones*, 465 U.S. 783, 789-90 (1984). The Court believes that these allegations satisfy the personal jurisdiction requirements sufficient for entry of default judgment.

## III.   Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiffs' Motion for Default Judgment [Filed September 8, 2005; Docket #7] as to William Mosley be **granted**. The Court further RECOMMENDS that the District Judge enter the attached Order of Default Judgment. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[2]

---

[2] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S.

Dated at Denver, Colorado this 11th day of May, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).